**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL GRESHAM,

        Plaintiff,                    Case Number: 2:12-CV-14881

v.                                      HONORABLE SEAN F. COX

WARDEN ROMANOWSKI,

        Defendant.
_____/

**ORDER DENYING PLAINTIFF'S APPLICATION FOR LEAVE**
**TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**
**AND DISMISSING COMPLAINT**

        Michigan state prisoner Michael Gresham has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and an application to proceed without prepayment of fees or costs seeking to proceed without prepayment of the $350.00 filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). Plaintiff names six defendants. He seeks monetary damages and injunctive relief.

        Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner is prevented from proceeding *in forma pauperis* in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

42 U.S.C. § 1915(g).

        In short, this "three strikes" provision allows the Court to dismiss a case where the prisoner seeks to proceed *in forma pauperis*, if, on three or more previous occasions, a federal court has

dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim for which relief may be granted.  28 U.S.C. § 1915(g) (1996);  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit").

Plaintiff is a prolific filer in federal court.  He has filed at least three prior civil rights complaints which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.  *See Gresham v. Caruso,* No. 2:10-cv-196 (W.D. Mich. Oct. 27, 2011); *Gresham v. Canlis*, No. 2:11-cv-179 (W.D. Mich. July 29, 2011); *Gresham v. Wolak,* No. 2:10-cv-239 (W.D. Mich. July 25, 2011); *Gresham v. Caruso,* No. 2:10-cv-195 (W.D. Mich. Apr. 11, 2011); *Gresham v. Paine,* No. 1:10-cv-1146 (W.D. Mich. Mar. 8, 2011); *Gresham v. Caruso*, No. 1:10-cv-1038 (W.D. Mich. Jan. 26, 2011); *Gresham v. Verville*, No. 2:10-cv-198 (W.D. Mich. Jan. 19, 2011); *Gresham v. Mich. Dep't of Corr.,* No. 2:07-cv-241 (W.D. Mich. June 9, 2008).  Plaintiff also has received notice that he is a three-striker, having had several cases dismissed under 28 U.S.C. § 1915(g).  *See Gresham v. Mutschler*, No. 2:12-cv-9(W.D. Mich. Feb. 12, 2012); *Gresham v. Violetta,* No. 2:12-cv-24 (W.D Mich. Feb. 6, 2012); *Gresham v. Dahl,* No. 2:12-cv-21 (W.D. Mich. Feb. 6, 2012); *Gresham v. Napel*, No. 2:11-cv-520 (W.D. Mich. Feb. 6, 2012); *Gresham v. Snyder,* No. 2:12-cv-5 (W.D. Mich. Jan. 27, 2012); *Gresham v. LaChance,* No. 2:11-cv-231 (W.D. Mich. June 24, 2011); *Gresham v. Canlis*, No. 2:11-cv-179 (W.D. Mich. June 9, 2011.

A plaintiff may maintain a civil action despite having had three or more civil actions dismissed as frivolous if the prisoner is "under imminent danger of serious physical injury."  28

U.S.C. § 1915(g). To establish that his complaint falls within the statutory exception to the three strikes rule, a prisoner must allege that he is under imminent danger at the time that he seeks to file his complaint and proceed *in forma pauperis*. *Vandiver v. Vasbinder*, No. 08-2602, 416 F. App'x 561 (6th Cir. Mar. 28, 2011). *See also Malik v. McGinnis*, 293 F.3d 559, 562 (2d Cir. 2002) (holding that imminent danger exception requires that the danger exist at time complaint is filed); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subject to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (past body cavity searches failed to establish imminent danger of serious physical injury); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999) (allegation of past physical injury is insufficient to meet statutory exception).

Plaintiff's complaint includes sweeping arguments of conspiracies and retaliation. The allegations are difficult to follow and claimed constitutional violations are frequently attributed to unnamed groups of people rather than particular defendants. Plaintiff has filed at least ten previous complaints under § 1983 claiming that he is in imminent danger of serious physical injury. His arguments in this case appear to be yet another attempt to circumvent the three-strikes bar. Plaintiff asserts three general claims of imminent danger: he alleges he is in imminent danger of harm because he is housed with a homosexual predator, he is being involuntarily medicated, he suffers from dermatitis and psoriasis, and has two hernias for which required surgical intervention is not being scheduled.

Plaintiff's allegations regarding his housing situation are confusing and vague. It is not clear whether he actually is housed with someone he characterizes as a homosexual predator or that he

fears he will be.  In any event, even assuming that he is currently housed with someone he characterizes as a homosexual predator, Plaintiff's allegation is insufficient to satisfy the imminent danger exception.  He does not allege that this inmate has threatened him, assaulted anyone in the past, or poses a real risk of future assault.  Plaintiff's fear he will be the victim of injury from this unidentified fellow inmate is substantiated with insufficient facts or detail to raise a real possibility that he is in danger of imminent physical injury.

Second, Plaintiff alleges that he is in imminent danger because he suffers from psoriasis, dermatitis, and two hernias which have been untreated.  Plaintiff previously cited these hernias and skin conditions to support a claim that the imminent danger exception applies.  In *Gresham v. John Prelesnik,* No. 1:12-cv-276, the United States District Court for the Western District of Michigan, held that Plaintiff's hernia- and skin-related health issues did not present an imminent danger. *See* Opinion Denying Leave to Proceed *In Forma Pauperis* –Three Strikes, 7/2/12.  Plaintiff presents no arguments in the present complaint to convince the Court that circumstances have changed so that his hernias or skin conditions now present an imminent danger.  In fact, the grievance forms attached to the complaint show that Plaintiff met with health staff on an unrelated matter and failed to raise his concerns about his hernia and that Plaintiff failed to appear for another health appointment.

Finally, Plaintiff alleges that officials are involuntarily medicating him for his psychiatric illness.  Other than conclusory allegations, he fails to allege that he suffers from any imminent danger.

Accordingly, the Court **DENIES** Plaintiff's application for leave to proceed without prepayment of the filing fee.  Additionally, the Court **DISMISSES** the complaint pursuant to 28

U.S.C. § 1915(g). This dismissal is without prejudice to Plaintiff filing a new complaint with payment of the filing fee.

**SO ORDERED**.


Dated: January 7, 2013                    S/ Sean F. Cox
                                          Sean F. Cox
                                          U. S. District Court Judge


I hereby certify that on January 7, 2013, the foregoing document was served upon counsel of record by electronic means and upon Michael Gresham by First Class Mail at the address below:

Michael Gresham
272603
Macomb Correctional Facility
34625 26 Mile Road
New Haven, MI 48048

Dated: January 7, 2013                    S/ J. McCoy
                                          Case Manager